1 | Mathew A. Rawlinson
3730 W. Rue DE Lamour Ave.
2 | Phoenix, AZ. 85029-1115
623-570-9361
3
Pro Per
4

FILED _____ LODGED
_____ RECEIVED _____ COPY

APR 0 3 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

5
UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA
6
IN AND FOR MARICOPA COUNTY, ARIZONA
7

8 | Mathew A. Rawlinson,

CIV '09 0691 PHX ROS

Case No.:
9 |                 Plaintiff,
COMPLAINT TO ENJOIN
10 |     vs.
FORECLOSURE:
1. Unfair Debt Collection
   Practices
11 |
2. Predatory Lending Practices
Specialized Loan Servicing, LLC
3. RICO Violations
12 | and Does 1 through 10,
13 | inclusive,

Hearing:
Time:
14 |                 Defendants.
Dept:
Judge:
15 |
Action Filed:
Trial Date:
16

17 |
[Unlimited Jurisdiction Case]
18

19

20 |                 GENERAL CHARGING ALLEGATIONS

21 |                 AS TO ALL CAUSES OF ACTION

22 |                 (AS TO ALL NAMED DEFENDANTS)

23

24 |     1.      The Plaintiff Mathew A. Rawlinson in the above

25 | captioned cause, now and at all times was the owner and resident

26 | of real property commonly known as 3730 W. Rue DE Lamour Ave.

27 | Maricopa County, Phoenix, Arizona (Subject Property). The legal

28 | description for the subject property is Lot 45, of Thunderbird

Heights unit two, according to the Plat of record in the office of the County Recorder of Maricopa County, Arizona, Recorded in book 137 of maps, page 42. The assessor's parcel number is 149-25-158.

2.   Defendant Specialized Loan Servicing, LLC, hereinafter (SLS) is a Delaware Limited Liability corporation registered to do business in the State of Arizona as a foreign entity, and the mortgage servicer for plaintiff's "federally related mortgage loan" account, as those terms are defined in the RESPA, 12 U.S.C. § 2602(1) and 12 U.S.C. § 2605(i)(2), having offices in Littleton, Colorado and Atlanta, Georgia. At all times material to this action defendant SLS regularly transacted business in the State of Arizona.

3.   Defendant SLS is a "debt collector" of plaintiff's debt as those terms are defined in the FDCPA, 15 U.S.C. § 1692a.

4.   Plaintiff does not know the true names, capacities, or basis for liability of defendants sued as Doe 1 through 10. Each fictitiously named defendant is in some manner liable to plaintiff, or claims some right, title, or interest in subject property, or both. Plaintiff will amend this complaint to allege their true identities, capacities and roles as and when they are ascertained.

5.   Defendant SLS, identified on a certain Exhibit 1 has notified plaintiff of its intention to sell plaintiff's home in a foreclosure sale.

6.   Plaintiff alleges that all defendants named and unnamed in this complaint are in some way involved in the actions

complained of herein as either independent actors, or as agents or principals of the other in foreclosure proceedings against plaintiff.

7.   The "Security Instrument" is the deed of trust.

8.   The "Note", is the negotiable instrument, which is referred to in the Security Instrument identified in the Notice of Sale (Exhibit 1) and which allegedly created plaintiff's obligation to repay a debt to a beneficiary.

9. Plaintiff is informed, believes and alleges that each defendant in pursuing non judicial foreclosure represented that they had the right to payment under the Note of which was secured by the Security Instrument that is identified in Exhibit 1 to this complaint.

10.   Upon information and belief, plaintiff alleges that defendants and each of them have not provided plaintiff with a copy of the original note referred to in the Security Instrument identified in Exhibit 1, any access to said Note, any evidence that such Note is, or ever was, in existence, and yet they are attempting to enforce the obligations of said Note through a non-judicial foreclosure. Plaintiff requested the identity of said holders of the "Note" along with an accounting by way of a Qualified Written Request under the RESPA and TILA laws, on Feb.4, 2009. A copy of which is attached as Exhibit "2" and incorporated here by reference. If said Note was available, Defendant would have provided Plaintiff with a copy along with account activity as Plaintiff requested meting the legal requirements of federal RESPA and TILA laws. Furthermore Defendant would have attached it here as an

Exhibit. A.R.S.§ §§ 47-3301 clearly sets forth the requirements to enforce a note: the enforcing party must be a holder in due course on the note, a non-holder in possession of the note with the rights of a holder in due course must satisfy the requirements of A.R.S. §§ 47-3309 or § 47-3418, subsection D relating to a lost or destroyed note. Defendants and each of them have not provided any evidence of their legal right(s) to enforce any note(s) by demonstrating possession of any note(s)by any particular defendant or entity.

11.    Upon information and belief, none of the Defendants have a present right to initiate foreclosure under the Security Instrument identified in the Notice of Intent to Foreclose attached as Exhibit 1, nor does any defendant have the right to direct any defendant to foreclose and sell the subject property of plaintiff.

12.    Plaintiff is informed, believes, and alleges that in all wrongful acts alleged in this complaint, the defendants and each of them have utilized the United States mail in furtherance of their conspiracy to both attempt and to affect unlawful collection on negotiable instruments when they are not entitled under law to do so, and, assuming *arguendo* that any defendant does have the right to proceed to foreclose under the note, defendants and each of them have and have attempted to profit from those actions in amounts greater than their legal rights under the note to do so.

13.    Plaintiff is informed, believes, and alleges that the defendants and each of them, in so acting in this case and

2:09-cv-00691-ROS   Document 1   Filed 04/03/09   Page 5 of 13


1    with respect to many other mortgage or trust deed security

2    instruments engaged in a pattern and practice of utilizing

3    the non-judicial foreclosure procedures of this state to

4    foreclose on properties when they do not, in fact have the

5    right to do so, knowing that the property owners affected do

6    not have the knowledge and means to contest the right of said

7    defendants to do so.

8    14.    Plaintiff is informed, believes, and alleges that

9    Defendants and each of them, in committing the acts alleged

10   in this and in other cases, are engaging in a pattern of

11   unlawful activity, and have known or should have known that

12   they had no right to initiate foreclosure proceedings unless

13   and until they were in possession of the original note

14   properly endorsed or assigned to them as of a date preceding

15   the notice of default recorded by the Trustee.

16   15.    Plaintiff is informed, believes, and alleges that the

17   true facts were that none of the defendants were in possession

18   of the note or non-holders of the note entitled to payment, as

19   those terms are used in A.R.S. §§§ 47-3301, 47-3309, 47-3418,

20   subsection D, and therefore, defendants and each of them were

21   proceeding to foreclosure non-judicially without right under

22   the law.

23   16.    The defendants and each of them, misrepresented the

24   facts regarding their legal right to enforce the note and to

25   foreclose on plaintiff's property intending either to force

26   plaintiff to pay large sums of money to defendants and each of

27   them to which they were not entitled under the law, or to

28   abandon plaintiff's property to foreclosure sale.

17.    Plaintiff is informed, believes, and alleges that defendant SLS identified in Exhibit 1, has acted unlawfully to collect on and attempt to satisfy an alleged debt by taking either or both plaintiff's real property through foreclosure and plaintiff's monetary personal property through debt collection activities and communications.

18.    The real property owned by plaintiff that is identified in Exhibit 1 is unique. Therefore, should defendants and each of them, not be enjoined, plaintiff and his family will suffer irreparable injury for which there is no adequate remedy in law when defendants proceed to sell or causes to be sold the subject property at foreclosure sale.

19.    As a result of the aforementioned facts and allegations, plaintiff has been damaged in having to seek legal assistance before bringing this action along with court cost and fees to enjoin the threatened non-judicial foreclosure of the subject property, and will have to incur additional fees to stop the wrongful acts of the defendants and each of them. Plaintiff has been damaged in other ways that are not readily apparent at this time, but will amend this complaint to allege further damages as they are determined.

### FIRST CAUSE OF ACTION

### UNFAIR DEBT COLLECTION PRACTICES

### (AS TO ALL NAMED DEFENDANTS)

20.    Plaintiff realleges paragraphs 1-19 of the General Charging Allegations as if fully set forth herein.

21.     Plaintiff is informed, believes, and alleges that defendant SLS is a debt collector. Defendant identified itself as a debt collector in Exhibit 1; therefore, plaintiff realleges that defendant SLS has not acted solely in its capacity as a trustee.

22.     Plaintiff is informed, believes, and alleges that defendants and each of them did not provide the proper, or any, notice required under Federal Fair Debt Collections Act. 15 U.S.C. Title 41, Subchap. V, §§ 1692g informing plaintiff of plaintiff's right to request validation of the debt which defendants and each of them were attempting to collect.

23.     Plaintiff is informed, believes, and thereupon alleges that the defendants and each of them, in taking the actions aforementioned, have violated provisions of Arizona's Consumer Fraud Act, including but not limited to A.R.S § 44-1521 *et seq*, and the Federal Fair Debt Collections Act, 15 U.S.C., Title 41, Subchap. V, §§ 1692 *et seq*, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617.

## SECOND CAUSE OF ACTION

### PREDATORY LENDING PRACTICES

### (AS TO ALL NAMED DEFENDANTS)

24.     Plaintiff realleges paragraphs 1-19 of the General Charging Allegations and paragraphs 20-23 of the First Cause of Action as fully set forth herein.

25.     Assuming *arguendo* that the defendant on whose behalf defendant SLS is pursuing foreclosure proceedings against plaintiff does have the right under the law of negotiable instruments in this state, by possession, endorsement,

COMPLAINT TO ENJOIN FORECLOSURE - 7

assignment, agency or otherwise, to receive payment under a
valid note, payment of which is secured by the security
instrument that is identified in Exhibit 1, and to initiate
foreclosure under power of sale contained therein, if any,
then that defendant is subject to defenses that would have
been available against the initial lender identified as
SPECRTRUM FINANCIAL GROUP, INC. The liability of assignees for
the predatory lending practices of their predecessors is
specifically provided for in 15 U.S.C. § 1641.

26.    Plaintiff is informed, believes, and thereupon alleges
that defendant SLS has engaged in deceptive practices with
respect to plaintiff in violation of the Home Ownership and
Equity Protection Act (HOEPA), 15 U.S.C. §§ 1637, the Truth in
Lending Act (TILA), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R.
226, and the Federal Trade Commission Act (FTC Act), 15 U.S.C.
§§ 41-58, the specifics of which are unknown, but which are
subject to discovery and with respect to which the specifics
will be alleged by amendment to this complaint when
ascertained.

27.    One or more of the predatory lending practices referred
to in the previous paragraph permits, under the law, one or
more defenses or remedies, the specifics of which will be
alleged by amendment to this complaint when ascertained.

### THIRD CAUSE OF ACTION

### RICO

### (AS TO ALL NAMED DEFENDANTS)

28.    Plaintiff realleges paragraphs 1-19 of the General
Charging Allegations, paragraphs 20-23 of the First Cause of

1     Action and paragraphs 24-27 of the Second Cause of Action, as
2     if fully set forth herein.

3     29.     In doing the aforesaid acts, defendants and each of
4     them were participating in and have participated in a scheme
5     of racketeering as the term is defined in the federal
6     Racketeer Influenced and Corrupt Organizations (RICO), 18
7     U.S.C. §§ 1961 *et seq, and the Arizona Anti-Racketeering Act*
8     *(AZRAC), A.R.S.§§ 13-2301 through 2316,* and in so doing, have
9     violated federal and state of Arizona RICO law.

10     30.     Plaintiff alleges that defendants and each of them have
11     violated RICO, including but not limited to 18 U.S.C. §
12     1961(1)(A), relating to mail fraud as defined in 18 U.S.C. §
13     1341. Upon information and belief, in all the wrongful acts
14     alleged in this complaint, the defendants and each of them
15     have utilized the United States mail in furtherance of their
16     conspiracy to both attempt and to affect unlawful collection
17     on negotiable instruments when they were not entitled under
18     law to do so, and, assuming *arguendo* that any defendant does
19     have the right to proceed to foreclose under the Note,
20     defendants and each of them have and have attempted to profit
21     from those actions in amounts greater than their rights under
22     the Note to do so.

23     31.     Plaintiff is informed, believes, and alleges that the
24     defendants and each of them, in so acting in this case and
25     with respect to many other mortgage or trust deed security
26     instruments engaged in a pattern and practice of utilizing the
27     non-judicial foreclosure procedures of this State to foreclose
28     on properties when they do not, in fact, have the right to do
    so, knowing that the property owners affected do not have the

1   knowledge and means to contest the right of said defendants to

2   do so.

3   32.    Plaintiff alleges that defendants and each of them have

4   violated RICO, including but not limited to 18 U.S.C. §§

5   1962(b) and (d) through attempts to collect unlawful debts.

6   33.    Plaintiff alleges that defendants and each of them have

7   violated RICO, 18 U.S.C. § 1961(1)(A), relating to prohibited

8   interference with commerce, robbery, or extortion, as defined

9   under 18 U.S.C. § 1951.

10  34.    Plaintiff alleges that defendants and each of them have

11  also violated RICO, 18 U.S.C. § 1961(1)(A), relating to fraud

12  in the sale of securities.

13  35.    Plaintiff is informed, believes, and alleges that

14  defendants and each of them, in committing the acts alleged in

15  this and in other cases, are engaging in a pattern of unlawful

16  activity.

17  36.    Plaintiff is therefore entitled to the available

18  remedies under RICO in civil actions.

19

20  **WHEREFORE**, Plaintiff prays that:

21  1. Defendants and each of them, be prohibited from conducting

22     any sale of the subject property pending the outcome of

23     this case;

24  2. Defendants and each of them, be permanently enjoined from

25     any and all attempts to foreclose on the subject real

26     property unless and until it can present proof that it is

27     entitled, under the law of negotiable instruments in force

28     in Arizona to enforce the underlying promissory note

described in the security instrument that is identified in Exhibit 1;

3. That Plaintiff be awarded monetary damages against the defendants and each of them, jointly and severally, that plaintiff incurred due to the need to bring this action for injunctive relief according to proof,

4. That the plaintiff be awarded statutory damages for Unfair Debt Collection Practices under federal and Arizona statutes;

5. That attorney fees be awarded plaintiff as permitted by law;

6. That plaintiff be awarded treble damages as permitted by law,

7. That prejudgment interest be awarded plaintiff as permitted by law;

8. For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

Dated; 4-3-09

_Mathew A Rawlinson_

Mathew A. Rawlinson, Plaintiff

**VERIFICATION**

Mathew A. Rawlinson, being first duly sworn upon oath, deposes and says as follows:

1. I am named Mathew A. Rawlinson in the civil action known as: the Complaint to Enjoin Foreclosure.

2. I have read the foregoing document, and know the contents thereof.

3. The statements and matters alleged therein are true of my own knowledge, except as to those matters stated upon information and belief and, as to such matters, I believe them to be true.

Dated this __3__ day of __April__, 2009.


_Mathew A Rawlinson_

Mathew A. Rawlinson, Plaintiff


**AFFIDAVIT**

The Plaintiff in the above mentioned Complaint to Enjoin Foreclosure has appeared before me, being identified by a valid __AZ DRIVERS LIC.__, on this __3__ day of __April__, 2009, and did affirm the truthfulness of the statements contained herein under the penalty of perjury by affixing his seal to this document in my presences.

1 | Mathew A. Rawlinson   *Mathew A Rawlinson*

2 | Dated: **4-3-09**

3 |

4 | NOTARY

5 | *Patrice Love*                    My Commission Expires:

6 |                                    **4/10/12**

7 | COUNTY OF MARICOPA

8 | STATE OF ARIZONA



NOTARY PUBLIC
STATE OF ARIZONA
Maricopa County
PATRICE LOVE
My Appointment Expires 04/10/12